UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRES RODRIGUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

1:25-CV-5259 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Andres Rodriguez, who currently is incarcerated in the Wende Correctional Facility, brings this action *pro se*, asserting claims of federal constitutional violations and claims under state law, seeking damages and injunctive relief.[1] He names as Defendants: (1) the City of New York; (2) James M. Burke, former Justice of the New York Supreme Court, New York County; (3) former New York County Assistant District Attorney Jennifer Westphal; (4) former New York City Police Commissioner Edward Caban; (5) New York City Police Department ("NYPD") Police Officer Thomas Hassell; (6) NYPD Police Officer Oraan Zarbaran; (7) NYPD Police Officer Frank Gavin; (8) NYPD Police Officer Brian Compel;(9) New York County District Attorney Alving L Bragg Jr.; and (10) what appears to be the Federal Bureau of Prisons ("BOP"). To the extent that Plaintiff seeks damages and non-*habeas corpus* injunctive relief against all of the Defendants, with the exception of the BOP, the Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. To the extent that Plaintiff seeks "a trial and [to] not be denied due process" (ECF 1, at 30), the Court construes the complaint as seeking *habeas corpus* relief under 28 U.S.C. § 2254.

[1] Plaintiff commenced this action by filing his complaint while he was incarcerated in the Clinton Correctional Facility.

Plaintiff has paid the fees to bring this action. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss such a prisoner's complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.*

But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following facts are drawn from the complaint"[2] Plaintiff alleges that the events that are the basis for his claims took place before Justice Burke, in the New York Supreme Court, New York County, on June 5, 2016, and on March 15, 2017. He states that he "was denied trial, new counsel, speedy trial and due process. [Plaintiff] was charged with a crime . . . [but] Judge . . . Burke never allow[ed] [him] to go to trial for the charge." (ECF 1, at 5.) Plaintiff' s "countless efforts . . . to mo[ve] for trial [were] denied by the judge and assisted by the state attorney." (*Id.*) Justice Burke "denied [Plaintiff's] speedy trial in several court dates, denied [Plaintiff's] request for new counsel, the right to have . . . counsel, denied [Plaintiff's] due process right, . . . badgered . . . an incompetent plea . . . . [and] denied [Plaintiff's] motion to reduce excessive bail and fines." (*Id.* at 6.)

Plaintiff also states that "New York Police Officers and the Assistant District Attorney gave a punishable false written statement, which [is] under the umbrella of perjury is a state and federal offense." (*Id.*)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

## DISCUSSION

### A. The Federal Bureau of Prisons

The Court dismisses Plaintiff's claims against the BOP, a federal agency, under the doctrine of sovereign immunity, for lack of subject-matter jurisdiction because Plaintiff alleges nothing to suggest that the BOP's sovereign immunity has been waived. *See* 28 U.S.C. § 1915A(b)(2); Fed. R. Civ. P. 12(h)(3); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *see also Presidential Gardens Assocs. v. United State ex rel. Sec. of HUD*, 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction . . . .").

### B. Justice Burke

The Court understands Plaintiff's complaint as asserting claims under Section 1983 against Justice Burke in his individual capacity. The Court must dismiss these claims under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions

that are judicial in nature). Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Furthermore, Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

To the extent that Plaintiff asserts claims for damages and non-*habeas corpus* injunctive relief under Section 1983 against Justice Burke, in his individual capacity, arising from his acts in presiding over what appears to be Plaintiff's state-court criminal proceeding before Justice Burke, Plaintiff has failed to allege any facts showing that Justice Burke acted beyond the scope of his judicial responsibilities or outside of his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Inasmuch as Plaintiff sues Justice Burke for "acts arising out of, or related to, individual cases before" Justice Burke, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to any such Section 1983 claims brought against Justice Burke. The Court therefore dismisses these claims, under the doctrine of judicial immunity, because Plaintiff seeks monetary relief from a Defendant who is immune from such relief, *see* 28 U.S.C. § 1915A(b)(2), and because such claims are frivolous,[3] *see* § 1915A(b)(1); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011)

[3] Inasmuch as Plaintiff seeks non-*habeas corpus* injunctive relief against Justice Burke, such relief is available only if Justice Burke violated a state-court declaratory decree or if state-court declaratory relief is unavailable. *See* § 1983. Here, no such violation is alleged, and Plaintiff can seek declaratory review of Justice Burke's actions, inaction, and/or rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 18, 2018).

("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* ("IFP") statute].").

**C. District Attorney Bragg and former Assistant District Attorney Westphal**

The Court also understands Plaintiff's complaint as asserting Section 1983 claims for damages against District Attorney Bragg and former Assistant District Attorney Westphal, in their individual capacities, arising from their prosecution of Plaintiff in the New York Supreme Court, New York County.[4] The Court must dismiss such claims under the doctrine of prosecutorial immunity. Under this doctrine, prosecutors are immune from individual-capacity civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This immunity applies to, among other prosecutorial actions, the decision of whether to prosecute someone. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). It also includes, "presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions." *Id.* In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors'

[4] The Court notes that Bragg did not become the New York County District Attorney until 2021, after Plaintiff had been convicted.

direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity).

Here, Plaintiff's claims under Sections 1983 against Bragg and Westphal are based on what appears to be their decision to prosecute Plaintiff and their actual prosecution of him. The Court therefore dismisses Plaintiff's claims under Section 1983 for damages against Bragg and Westphal, in their individual capacities, under the doctrine of prosecutorial immunity, for seeking monetary relief from Defendants who are immune from such relief, *see* § 1915A(b)(2), and because such claims are frivolous, *see* § 1915A(b)(1); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding, for the purposes of the IFP statute, that a claim dismissed under the doctrine of prosecutorial immunity is deemed frivolous).

**D. Claims under Section 1983 against the remaining New York City Defendants**

The Court further understands Plaintiff's complaint as asserting claims under Section 1983 against the remaining New York City Defendants (the City of New York, and Defendants Caban, Hassell, Zarbaran, Gavin, and Compel), including claims of malicious prosecution, fabrication of evidence, and abuse of process, arising from their criminal prosecution of Plaintiff. These claims are barred at this time, however, by the favorable-termination rule first articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The Supreme Court of the United States has explained that, under this rule:

> a state prisoner's [Section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." (footnote omitted)). This includes claims for such relief brought under Section 1983 in the form of claims of malicious prosecution, *see, e.g.*, *Thompson v. Clark*, 596 U.S. 36, 39 (2022), fabrication of evidence, *see McDonough v. Smith*, 588 U.S. 109, 116-19 (2019), and claims of abuse of process that "clearly implicate[] the validity of [the plaintiff's] conviction," *see Zarro v. Spitzer*, 274 F. App'x 31, 34 (2d 2008) (summary order) (internal quotation marks omitted).

Plaintiff's Section 1983 claims against these Defendants, if successful, would appear to invalidate Plaintiff's state-court conviction following the abovementioned criminal proceeding before Justice Burke. The Court therefore dismisses such claims, for failure to state a claim on which relief may be granted under the *Heck* favorable-termination rule, *see* § 1915A(b)(1), but without prejudice to Plaintiff's reassertion of them after Plaintiff has been granted *habeas corpus* relief, or other relief, that would invalidate the abovementioned conviction.[5]

### E. Section 2254 *habeas corpus* relief

In a report and recommendation issued February 7, 2025, Magistrate Judge Robyn F. Tarnofsky of this court recommended that Plaintiff's Section 2254 petition challenging his 2017 conviction following a state-court criminal proceeding before Justice Burke be denied as

---

[5] Because the Court has not determined that there has been an underlying constitutional violation on the part of any of the New York City Defendants, the Court need not determine whether the City of New York itself is liable here under Section 1983. *Cf. Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under [Section 1983] was entirely correct.").

untimely, and that the respondent's motion to dismiss be granted. *See Rodriguez v. Miller*, No. 1:24-CV-2715 (MMG) (RFT), 2025 WL 724771 (S.D.N.Y. Feb. 7, 2025). In an order dated March 6, 2025, District Judge Margaret M. Garnett of this court adopted that report and recommendation in its entirety.[6] *Rodriguez v. Miller*, No. 1:24-CV-2715 (MMG) (RFT), 2025 WL 723012 (S.D.N.Y. Mar. 6, 2025). On August 15, 2025, the United States Court of Appeals for the Second Circuit dismissed the appeal of the denial of that petition. *Rodriguez v. Miller*, No. 25-688, 2025 WL 2693335 (2d Cir. Aug. 15, 2025).

To the extent that Plaintiff seeks "a trial and [to] not be denied due process" with regard to his 2017 conviction in a state-criminal proceeding before Justice Burke (ECF 1, at 30), the Court construes such claims as seeking Section 2254 *habeas corpus* relief from that conviction. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("The plain language of the pertinent statutes indicates . . . that . . . a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). As discussed above, however, Plaintiff has already challenged his 2017 state-court conviction in his Section 2254 petition filed in this court, which was denied on the merits, and any subsequently filed Section 2254 petition challenging the same conviction would be second or successive.[7] *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a [Section] 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future

[6] Plaintiff signed the complaint commencing this action months later, on June 9, 2025. (ECF 1, at 23.) The envelope in which the complaint was delivered to this court, from the Clinton Correctional Facility, was postmarked June 10, 2025. (*Id.* at 33.)

[7] The Court is not required to provide Plaintiff an opportunity to withdraw claims seeking *habeas corpus* relief before the Court recharacterizes them as seeking such relief that is second or successive. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001).

petitions under [Section] 2254 challenging the same conviction 'second or successive' petitions.").

A Section 2254 petition is considered "second or successive" if it attacks the same conviction that was challenged by the litigant in a previous Section 2254 that was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because Plaintiff's previous Section 2254 petition, which challenged the same 2017 conviction, was adjudicated on the merits, Plaintiff's claims for Section 2254 relief raised in this action constitute a second and successive Section 2254 petition. Before such a petition is to be considered by a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner, therefore, must move in the United States Court of Appeals for the Second Circuit for permission to pursue these second or successive claims for Section 2254 relief.[8] *See id*. In the interest of justice, the Court severs these claims from this action and transfers them, as a second or successive Section 2254 petition, to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; Fed. R. Civ. P. 21; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). If the Court of Appeals authorizes Plaintiff to proceed with these second or successive Section 2254 claims, he should move to reopen this action under the civil docket number listed above.

---

[8] Any such motion to the Court of Appeals must show that: (A) the claim being raised by the second or successive petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(i)-(ii).

**F. Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all of the claims over which the Court has original subject-matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**A. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Court dismisses this action. The Court dismisses Plaintiff's claims against the Federal Bureau Prisons for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for seeking monetary relief from a Defendant that is immune from such relief, *see* 28 U.S.C. § 1915A(b)(2). The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for damages and non-*habeas corpus* injunctive relief against Justice Burke, in his individual capacity, under the

doctrine of judicial immunity, as frivolous and for seeking monetary relief from a Defendant that is immune from such relief. *See* § 1915A(b)(1), (2). The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for damages against District Attorney Bragg and former Assistant District Attorney Westphal, in their individual capacities, under the doctrine of prosecutorial immunity, as frivolous and for seeking monetary relief from Defendants that are immune from such relief. *See id.* The Court dismisses Plaintiff's claims against the remaining New York City Defendants (the City of New York, and Defendants Caban, Hassell, Zarbaran, Gavin, and Compel) for failure to state a claim on which relief may be granted, *see* § 1915A(b)(1), under the doctrine first articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), but without prejudice to Plaintiff's reassertion of such claims after Plaintiff has been granted *habeas corpus* relief, or other relief, that would invalidate the abovementioned 2017 New York County conviction.

The Court construes Plaintiff's claims for relief in which he seeks "a trial and [to] not be denied due process" with regard to his 2017 New York County conviction following a state-court criminal proceeding before Justice Burke (ECF 1, at 30) as claims for *habeas corpus* relief under 28 U.S.C. § 2254. In the interests of justice, the Court severs these claims and transfers them to the United States Court of Appeals for the Second Circuit as a second or successive Section 2254 petition. *See* 28 U.S.C. § 1631; Fed. R. Civ. P. 21; *Liriano*, 95 F.3d at 122-23. Because such claims make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court declines to consider, under its supplemental jurisdiction, any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: November 18, 2026
New York, New York

/s/ Louis L. Stanton

Louis L. Stanton
U.S.D.J.