**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

ANDRES RODRIGUEZ,

Plaintiff,

-against-

25 **CIVIL** 5259 (LLS)

**JUDGMENT**

THE CITY OF NEW YORK, et al.,

Defendants.

------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated November 18, 2026, the Court has dismissed this action. The Court has dismissed Plaintiff's claims against the Federal Bureau Prisons for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for seeking monetary relief from a Defendant that is immune from such relief, *see* 28 U.S.C. § 1915A(b)(2). The Court has dismissed Plaintiff's claims under 42 U.S.C. § 1983 for damages and non-*habeas corpus* injunctive relief against Justice Burke, in his individual capacity, under the doctrine of judicial immunity, as frivolous and for seeking monetary relief from a Defendant that is immune from such relief. *See* § 1915A(b)(1), (2). The Court has dismissed Plaintiff's claims under 42 U.S.C. § 1983 for damages against District Attorney Bragg and former Assistant District Attorney Westphal, in their individual capacities, under the doctrine of prosecutorial immunity, as frivolous and for seeking monetary relief from Defendants that are immune from such relief. *See id.* The Court has dismissed Plaintiff's claims against the remaining New York City Defendants (the City of New York, and Defendants Caban, Hassell, Zarbaran, Gavin, and Compel) for failure to state a claim on which relief may be granted, *see* § 1915A(b)(1), under the doctrine first articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994), but without prejudice to Plaintiff's reassertion of such claims after Plaintiff has been granted *habeas corpus* relief, or other relief, that would invalidate the abovementioned 2017 New York County conviction. The Court construes Plaintiff's claims for relief in which he seeks "a trial and [to] not be denied due process" with regard to his 2017 New York County conviction following a state-court criminal proceeding before Justice Burke (ECF 1, at 30) as claims for *habeas corpus* relief under 28 U.S.C. § 2254. In the interests of justice, the Court severs these claims and transfers them to the United States Court of Appeals for the Second Circuit as a second or successive Section 2254 petition. *See* 28 U.S.C. § 1631; Fed. R. Civ. P. 21; *Liriano*, 95 F.3d at 122-23. Because such claims make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court has declined to consider, under its supplemental jurisdiction, any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3).

**Dated:** New York, New York

November 25, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**